IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN L. MENDEZ, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 07-236-JJF |
| THIS CRIMINAL ORGANIZATION, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

At Wilmington, this 30 day of July, 2007;

Plaintiff Ivan L. Mendez ("Mendez"), an inmate at the Delaware Correctional Center, has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process. These lawsuits relate to his underlying state criminal conviction of first degree robbery and possession of a deadly weapon during the commission of a felony.

Plaintiff's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 was denied by this Court as time-barred on November 30, 2005. Mendez v. Carroll, Civ. Action No. 04-1409-JJF (D. Del. Dec. 4, 2005). On May 23, 2007, the Court ordered Plaintiff to show cause why he should not be enjoined from filing lawsuits related to his underlying criminal conviction. At that time, as of December 21, 2006, Mendez had filed four lawsuits in this District Court all related to his underlying criminal conviction and habeas corpus Application. Mendez v. This

Criminal Organization, Civ. Action No. 06-780-JJF; Mendez v. Pennsylvania State, Civ. Action No. 06-794-JJF; Mendez v. This Criminal Organization, Civ. Action No. 07-162-JJF, and Mendez v. This Criminal Organization, Civ. Action No. 07-236-JJF.  In each Complaint, Plaintiff makes reference to his criminal case and appears to seek copies of numerous and sundry documents.  Following the entry of the Show Cause Order, on May 24, 2007, Mendez filed two more cases related to his criminal case:  Mendez v. This Criminal Organization, Civ. Action No. 07-339-JJF and Mendez v. This Criminal Organization, Civ. Action No. 07-340-JJF.

Mendez's filings in the Complaints contain frivolous legal arguments and the filings are vexatious and abusive of the judicial process.  A district court has the power to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated.  28 U.S.C. § 1651; See Matter of Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989); Yadav v. Surtees, No. 02-3416, 87 Fed. Appx. 271 (3d Cir. Jan. 27, 2004).

The Court, in seeking to enjoin Mendez as a vexatious litigant from future litigation, provided Mendez sufficient notice and an opportunity to be heard in the form of a show cause order entered May 12, 2006.  (D.I. 5); See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).  Mendez was ordered to show cause why he should not be enjoined from filing, without prior authorization of this Court, any complaint, lawsuit, or petition

for writ of mandamus, related to Mendez v. Carroll, Civ. Action No. 04-1409-JJF (D. Del. Dec. 4, 2005), Mendez v. This Criminal Organization, Civ. Action No. 06-780-JJF, Mendez v. Pennsylvania State, Civ. Action No. 06-794-JJF, Mendez v. This Criminal Organization, Civ. Action No. 07-162-JJF, and Mendez v. This Criminal Organization, Civ. Action No. 07-236-JJF or any other related cases, including, but not limited to actions against the states of Pennsylvania and Delaware, the District of Columbia, and This Criminal Organization.

Mendez timely responded to the Show Cause Order (D.I. 6), but rather than show cause why he should not be enjoined from filing future lawsuits, Mendez referred to other cases he has filed in this and other District Courts, and repeated phrases used by the Court in describing Mendez's filing as frivolous and vexatious. Mendez's main response to the Show Cause Order is to argue that the undersigned District Judge is "cold blooded" and running from his judicial responsibilities. Mendez asks the Court to stop its "cold blooded game of show cause response."

Ivan L. Mendez has failed to show cause why he should not be enjoined from filing, without prior authorization of this Court, any complaint, lawsuit, or petition for writ of mandamus, related to Mendez v. Carroll, Civ. Action No. 04-1409-JJF (D. Del. Dec. 4, 2005), Mendez v. This Criminal Organization, Civ. Action No. 06-780-JJF, Mendez v. Pennsylvania State, Civ. Action No. 06-794-

JJF, <u>Mendez v. This Criminal Organization</u>, Civ. Action No. 07-162-JJF, and <u>Mendez v. This Criminal Organization</u>, Civ. Action No. 07-236-JJF. or any other related cases, including, but not limited to actions against the states of Pennsylvania and Delaware, the District of Columbia, and This Criminal Organization.

THEREFORE, it is hereby ORDERED that:

1.   Ivan L. Mendez is hereby enjoined from filing, without prior authorization of this Court, any complaint, lawsuit, or petition for writ of mandamus, related to <u>Mendez v. Carroll</u>, Civ. Action No. 04-1409-JJF (D. Del. Dec. 4, 2005), <u>Mendez v. This Criminal Organization</u>, Civ. Action No. 06-780-JJF, <u>Mendez v. Pennsylvania State</u>, Civ. Action No. 06-794-JJF, <u>Mendez v. This Criminal Organization</u>, Civ. Action No. 07-162-JJF, and <u>Mendez v. This Criminal Organization</u>, Civ. Action No. 07-236-JJF. or any other related cases, including, but not limited to actions against the states of Pennsylvania and Delaware, the District of Columbia, and This Criminal Organization.

2.   Ivan Mendez must file a Motion For Leave To File with any document he proposes to file and must attach a copy of this Memorandum Order to it.  The Motion shall be filed as a miscellaneous case.

3.   As an exhibit to any motion seeking such leave, there must be attached, a Declaration prepared pursuant to 28 U.S.C. §

1746 or a sworn Affidavit certifying that (a) the document raises a new issue which has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, and (c) the document is not filed in bad faith.

    4.  The Court shall deny any Motion For Leave To File if the proposed document is frivolous, vexatious, or harassing.  If the Motion is denied, the document shall not be filed.  The failure to comply with this Memorandum Order shall be sufficient grounds for this Court to deny any Motion For Leave To File.

    5.  Any document submitted by Ivan Mendez shall not be filed prior to obtaining leave to file unless the document is specifically identified as a Motion For Leave To File, and unless the document contains an Affidavit or Sworn Declaration as required by this Memorandum Order, and a copy of this Memorandum Order.

    6.  The Clerk's Office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshal Forms, in connection with a Motion For Leave To File, unless and until leave is granted.

_____
UNITED STATES DISTRICT JUDGE